### COMMONWEALTH *vs.* JAMES R. BECKLEY.

Where an indictment alleges an assault on A. B., a deputy sheriff, and an obstructing of him in the performance of his duties as such deputy, proof that the person, on whom the assault was committed, was commissioned as a deputy sheriff by the name of A. B. junior, is not a variance from the allegation.   It is sufficient, if it be proved that the person named in the indictment and in the commission is the same ; and after verdict against the defendant, it must be presumed that it was so proved.

THE indictment against the defendant alleged, that he and others committed an assault and battery upon Thomas Adams, one of the deputies of the sheriff of this county, when in the due and lawful exercise and discharge of the duties of his said office, and hindered and obstructed him in the due performance of those duties.

At the trial in the court of common pleas, before *Warren,* J.   " it appeared that the person, upon whom the assault was committed, was commissioned as a deputy sheriff, by the name of Thomas Adams junior.   The defendant contended, that there was a fatal variance between the allegation in the indict ment and the proof, in this particular ; but the judge ruled otherwise, and a verdict was returned against the defendant."   To this ruling the defendant alleged exceptions.

*Hallett & Kingsbury,* for the defendant.

*Austin,* (Attorney General,) for the Commonwealth.

Commonwealth *v.* Beckley.

WILDE, J. The defendant and others are charged in the indictment with an assault and battery on Thomas Adams, a deputy sheriff. At the trial in the court of common pleas, it appeared that the person, upon whom the assault and battery were committed, was commissioned as a deputy sheriff, by the name and addition of Thomas Adams junior. And thereupon the defendant's counsel objected to the proof, on the ground of its variance from the allegation in the indictment. This objection was overruled, and, as we think, rightly. To support the indictment, it must have been proved that the person named therein, and in the commission, was one and the same person; and after verdict it must be presumed that it was so proved.

The defendant's counsel rely on the decision in *Boyden* v. *Hastings*, 17 Pick. 200. But the cases differ. There the plaintiff undertook to describe the record of a judgment, and did not describe it correctly. Not so in the present case. The indictment does not allege by what name and addition Adams was commissioned as deputy sheriff. There is, therefore, no error of description. In the former case, there was a mistake in the declaration. It was a question as to the pleadings. In the present case, it is merely a question of proof. Suppose an action is brought in the name of A. B., and there is a special declaration on a promissory note, as payable to him, and a note is offered in evidence, payable to A. B. junior; that would be a variance, which could not be cured by proof that the note was given to him, by the name of A. B. junior, but he must amend his declaration, as was done in *Boyden* v. *Hastings*. But suppose, in the like case, such a note is offered in evidence in an action for money had and received; then the plaintiff may prove that the note was given to A. B. by the name and addition of A. B. junior; which is alike in principle to the present case

*Exceptions overruled.*